IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DOUGLAS ENGRAHM,                    )
                                    )    02:04-cv-1290-GEB-GGH
              Plaintiff,            )
                                    )    ORDER*
     v.                             )
                                    )
COUNTY OF COLUSA, COUNTY OF COLUSA  )
DEPARTMENT OF PUBLIC WORKS, JOHN    )
S. WRYSINSKI, individually and in   )
his capacity as Director of County  )
of Colusa Dept. of Public Works,    )
DONALD F. STANTON, individually     )
and in his capacity as legal        )
counsel to County of Colusa, DAVID  )
J. Shoemaker, individually and in   )
his capacity as CAO/Personnel       )
Director of Colusa County Dept. of  )
Public Works,                       )
                                    )
              Defendants.           )
_____)
```

On December 12, 2005, Defendants filed a "Motion for Permission to File Defendants' Separate Statement of [Undisputed] Facts Supporting Summary Judgment" ("Motion for Permission") and an ex parte application in which Defendants request that their Motion for Permission be briefed and heard on shortened time.  Plaintiff opposed Defendants' Motion for Summary Judgment filed November 18, 2005,

---

     *   This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1 arguing, inter alia, that it should be denied since Defendants failed
2 to file a Statement of Undisputed Facts as required by Local
3 Rule 56-260(a).  (Pl.'s Opp'n to Summ. J. at 3-5.)  The Motion for
4 Permission states that Plaintiff "strongly opposes any and all
5 remedies sought by Defendants to cure the [failure to comply with
6 Local Rule 56-260(a)]."  (Mot. for Permission at 3.)
7          Local Rule 56-260(a) provides, in pertinent part, that
8 "[e]ach motion for summary judgment . . . shall be accompanied by a
9 'Statement of Undisputed Facts' . . . ."

> Requiring strict compliance with [Local Rule 56-260(a)] is justified both by the nature of summary judgment and by the rule's purposes.  The moving party's statement [of undisputed facts] specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement.  The opponent then has the opportunity to respond [to the statement of undisputed facts and file a statement of disputed facts in order to show the existence of] genuine factual issues.  The procedure contemplated by the [Local Rule] thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.

Gardels v. Cent. Intelligence Agency, 637 F.2d 770, 773 (D.C. Cir. 1980).  A movant's failure to comply with Local Rule 56-260(a) "makes a responding party's burden unnecessarily more difficult" by forcing the party to "sift through [the] motion and separate out the facts and evidence relied on by [the movant] so that they are able to respond to the merits of the motion."  Jin v. Hense, No. 01-CV-5282-REC-SMS-P, 2005 WL 1561516, at *1-2 (E.D. Cal. June 30, 2005).  Accordingly, failure to comply with Local Rule 56-260(a) is an appropriate basis for denying a motion for summary judgment.  See Jin v. Hense, No. 05-CV-5282-REC-SMS-P, 2005 WL 20000985, at *1 (E.D. Cal. Aug. 17, 2005) (adopting, after de novo review, the magistrate judge's recommendation that plaintiff's motion for summary judgment be denied

1  for failure to comply with Local Rule 56-260(a)); <u>Greene v. Miles</u>,
2  No. 04-CV-5439-AWI-LJO-P, 2005 WL 3030996 at *1-2 (E.D. Cal.
3  Nov. 7, 2005) (recommending denial of summary judgment motion for
4  failure to comply with Local Rule 56-260(a)); <u>Sequoia Prop. & Equip.
5  Ltd. P'ship v. United States of America</u>, No. 97-CV-5044-LJO, 2000
6  WL 1728117, at *8 (E.D. Cal. Oct. 4, 2000) (same).

       Since Defendants failed to file a Statement of Undisputed Facts with their Motion for Summary Judgment filed November 18, 2005, as prescribed in Local Rule 56-260(a), Defendants' Motion for Summary Judgment is denied.  Therefore, Defendants' Motion for Permission and ex parte application to shorten time no longer concern a pending motion and are denied.

       IT IS SO ORDERED.

DATED:  December 14, 2005

                               <u>/s/ Garland E. Burrell, Jr.</u>
                               GARLAND E. BURRELL, JR.
                               United States District Judge