IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DOUGLAS ENGRAHM,                    )
                                    )   02:04-cv-1290-GEB-GGH
              Plaintiff,            )
                                    )   ORDER*
    v.                              )
                                    )
COUNTY OF COLUSA, COUNTY OF COLUSA  )
DEPARTMENT OF PUBLIC WORKS, JOHN    )
S. WRYSINSKI, individually and in   )
his capacity as Director of County  )
of Colusa Dept. of Public Works,    )
DONALD F. STANTON, individually     )
and in his capacity as legal        )
counsel to County of Colusa, DAVID  )
J. Shoemaker, individually and in   )
his capacity as CAO/Personnel       )
Director of Colusa County Dept. of  )
Public Works,                       )
                                    )
              Defendants.           )
_____)
```

Plaintiff moves for summary judgment on five of his claims against Defendants and on Defendants' counter-claim for breach of contract.[1] (Pl.'s Mot for Summ. J. at 3.) Summary judgment is

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Plaintiff also moves for summary judgment on claim five of his complaint. Claim five, however, was dismissed by the Order filed January 19, 2005. Therefore that portion of Plaintiff's motion need not be considered.

1

1  appropriate if the pleadings and supporting documents, viewed in the
2  light most favorable to the nonmoving party, "show that there is no
3  genuine issue as to any material fact and that the moving party is
4  entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c);
5  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v.
6  Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).
7          Plaintiff's motion, however, is devoid of relevant
8  substantive law and analysis.  Since Plaintiff has failed to provide
9  relevant legal authority in support of his motion, he has not shown
10 "there is no genuine issue as to any material fact and that [he] is
11 entitled to judgment as a matter of law."  It is evident that
12 apprising the Court of the substantive law applicable to the motion is
13 a burden of the movant.
14         Plaintiff seeks summary judgment on Defendants' counter-
15 claim for breach of contract.  In this counter-claim, Defendants
16 allege that by bringing the pending action Plaintiff breached a
17 Settlement Agreement ("Agreement") relating to Plaintiff's prior
18 litigation against Defendants.  (Pl.'s Request for Judicial Notice
19 Ex. 6.)  The Agreement provides that "[Plaintiff releases Defendants]
20 for any and all claims existing at the signing of th[e] Agreement."
21 (Id.)  Plaintiff argues that all his claims arose after the signing of
22 the Agreement, and therefore he did not breach the Agreement.  (Pl.'s
23 Mot. for Summ. J. 13.)  Defendants counter that Plaintiff's complaint
24 alleges pre-Agreement facts and events, incorporates those facts and
25 events into each claim, and consequently puts claims that arose before
26 the Agreement "affirmatively at issue."  (Defs.' Opp'n to Pl.'s Mot.
27 for Summ. J. at 23-24.)  The Complaint may be reasonably construed as
28

1 Defendants argue.  Therefore, a genuine issue of material fact exists
2 as to whether Plaintiff breached the Agreement when he filed the
3 pending action.
4     For the stated reasons, Plaintiff's motion for summary
5 judgment is denied.
6     IT IS SO ORDERED.
7 DATED:  December 15, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge