```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

DOUGLAS ENGRAHM,                )
                                )    02:04-cv-1290-GEB-GGH
              Plaintiff,        )
                                )    ORDER[*]
     v.                         )
                                )
COUNTY OF COLUSA, COUNTY OF COLUSA )
DEPARTMENT OF PUBLIC WORKS, JOHN )
S. WRYSINSKI, individually and in )
his capacity as Director of County )
of Colusa Dept. of Public Works, )
DONALD F. STANTON, individually )
and in his capacity as legal    )
counsel to County of Colusa, DAVID )
J. Shoemaker, individually and in )
his capacity as CAO/Personnel   )
Director of Colusa County Dept. of )
Public Works,                   )
                                )
              Defendants.       )
_____)

On December 30, 2005, Defendants noticed a motion to amend the Rule 16 Scheduling Order ("Motion to Amend") and concurrently filed a motion to shorten time for hearing the Motion to Amend.[1] Defendants seek to amend the Rule 16 Scheduling Order ("Scheduling

---

[*] These motions were determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] All references to "Rule 16" are to Federal Rule of Civil Procedure 16.

Order") so that they may re-file their motion for summary judgment that was denied on December 15, 2005, for failure to file a Statement of Undisputed Facts as required by Local Rule 56-260(a).

The Amended Scheduling Order filed December 14, 2004, prescribes, "[t]he last hearing date for motions shall be December 19, 2005." (Am. Scheduling Order at 2). Once a scheduling order establishes a deadline for law and motion matters, amendment of that deadline is governed by the Rule 16 "good cause" standard. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). The primary focus of the good cause standard is the diligence of the party seeking amendment. Johnson, 975 F.2d at 609. The diligence inquiry includes determining whether the Scheduling Order could not "reasonably [have] be[en] met despite the diligence of the [movant]." Id. "If [the movant] was not diligent, the inquiry should end." Id.

Defendants argue they were diligent in attempting to meet the motion deadline because they timely filed all the papers required for their summary judgment motion except the Statement of Undisputed Facts, which "inadvertently slipped through the cracks during filing." (Mot. Amend at 6.) However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. Therefore, Defendants' stated inadvertence does not establish good cause justifying the amendment they seek.

Defendants further argue that because of "the important nature of qualified immunity" and "Plaintiff's own legal concessions" the Scheduling Order should be amended to "allow Defendants time to [re-]file their motion for summary judgment in order to efficiently resolve legal issues prior to trial." (Mot. Amend at 5.) This

2

1 argument also fails to establish good cause and does not show
2 "recogni[tion] [that] scheduling orders are at the heart of case
3 management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir.
4 1986).
5       "A scheduling order is not a frivolous piece of paper, idly
6 entered," and should not be modified absence a showing of good cause.
7 Johnson, 975 F.2d at 610 (citation and quotation marks omitted).
8 "Indeed, a scheduling order is the critical path chosen by the trial
9 judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing]
10 the just, speedy, and inexpensive determination of every action.'"
11 Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D.W.V. 1995).  For that
12 reason, a "district court's decision to honor the terms of its binding
13 scheduling order does not simply exalt procedural technicalities over
14 the merits of [the] case." Johnson, 975 F.2d at 610.  Rather, it
15 recognizes that the Scheduling Order "controls the subsequent course
16 of the action unless modified by [a showing of good cause]." Johnson,
17 975 F.2d at 608.
18       Since Defendants have not shown that good cause exists to
19 amend the Scheduling Order, their Motion to Amend is denied and their
20 motion to shorten time is denied as moot.
21
22       IT IS SO ORDERED.
23 Dated:   January 5, 2006
24
25                              /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge
26
27
28

3