IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS ENGRAHM,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF COLUSA; COUNTY OF COLUSA DEPARTMENT OF PUBLIC WORKS; JOHN S. WRYSINSKI, individually and in his capacity as Director of County of Colusa Dept. of Public Works,<br><br>　　　　　　　　Defendants. | 02:04-cv-1290-GEB-GGH<br><br>ORDER* |

Defendants move for sanctions against Plaintiff's counsel ("Counsel") under 28 U.S.C. § 1927 ("section 1927"). Counsel opposes the motion.

Section 1927 provides in relevant part: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, and attorneys' fees reasonably incurred because of such conduct." Therefore, Defendants must establish that Counsel engaged in "unreasonable" and "vexatious" conduct that "multipli[ed] the proceedings." See B.K.B v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002).

---

* This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1  Defendants contend Counsel "actually knew several [of
2 Plaintiff's] claims were meritless as early as December 5, 2005," but
3 "[C]ounsel maintained [these] meritless claims . . . in order to
4 increase the risk and costs to Defendants and extort a nuisance-value
5 settlement."  (Mot. at 1, 9.)  Since Counsel did not rebut this point
6 in his opposition, the record indicates Counsel refused to dismiss
7 admittedly meritless and abandoned claims in order to enhance the
8 chances of settlement.  But the issue is whether this refusal has been
9 shown to justify the imposition of sanctions under section 1927.

10  Defendants' argue Counsel's conduct was like that of
11 plaintiff's counsel in <u>Edwards v. General Motors Corp.</u>, 153 F.3d 242
12 (5th Cir. 1998), and is therefore sanctionable.  However, in <u>Edwards</u>,
13 the Fifth Circuit found that the record was "littered with indications
14 that [the plaintiff's counsel] abandoned <u>suit</u> but willfully required
15 GM to continue to defend it . . . ."  <u>Id.</u> at 246 (5th Cir. 1998)
16 (emphasis added).  That is not the situation here; although Counsel
17 may have abandoned some claims, he did not abandon the entire action.
18 Here, Defendants have not shown that any proceeding subsequent to
19 December 5, 2005, justifies the finding that the litigation
20 constituted an unreasonable multiplication of the proceedings.

21  Since Counsel's refusal to dismiss meritless claims has not
22 been shown to have "multiplie[d] the proceedings," the motion is
23 denied.

24  IT IS SO ORDERED.
25 Dated:  June 15, 2006

     /s/ Garland E. Burrell, Jr.
     GARLAND E. BURRELL, JR.
     United States District Judge

2