IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DOUGLAS ENGRAHM,              )
                              )    02:04-cv-1290-GEB-GGH
              Plaintiff,      )
                              )
     v.                       )    ORDER*
                              )
COUNTY OF COLUSA, COUNTY OF COLUSA )
DEPARTMENT OF PUBLIC WORKS, and    )
JOHN S. WRYSINSKI, individually    )
and in his capacity as Director    )
of County of Colusa Dept. of       )
Public Works,                 )
                              )
              Defendants.     )
                              )
```

Defendants County of Colusa, County of Colusa Department of Public Works (jointly referred to as "the County"), and John S. Wrysinski ("Wrysinski") (collectively "Defendants")[1] move for attorney fees and costs under 42 U.S.C. § 1988 ("section 1988") and for sanctions against Plaintiff and/or his counsel (collectively

---

   *   This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

   [1]   Defendants filed a Notice of Errata on July 17, 2006, in which they explained these are the only two Defendant movants, indicating that Plaintiff dismissed the other individual Defendants in response to their requests for dismissal. (See Notice of Errata Regarding Defs.' Mot. For Sanctions, July 17, 2006, at 2.)

1

"Plaintiff") under Federal Rule of Civil Procedure 11. Plaintiff filed an opposition which addressed the motion for attorney fees and costs, but did not address the motion for sanctions.[2]

DISCUSSION

Plaintiff filed his Complaint on July 7, 2004. The Complaint alleged two claims against Defendants for violation of Plaintiff's First Amendment rights under 42 U.S.C. § 1983 ("section 1983"), and pendent state law claims including libel, slander, and intentional infliction of emotional distress. (Compl. ¶¶ 41-51.)

Defendants filed a motion for summary judgment on November 18, 2005. On December 5, 2005, Plaintiff filed an opposition to the motion in which he argued it should be denied because Defendants violated Local Rule 56-260(a) by "not fil[ing] with the court nor . . . serv[ing] Plaintiff's counsel with a Separate Statement of Undisputed Facts." (Pl.'s Opp'n Defs.' Mot. Summary J., Dec. 5, 2005, at 3-4.) Plaintiff also stated:

> Assuming arguendo that Defendants' motion for summary judgment will be considered on the merits, . . . Plaintiff admits that he would have a difficult time proving certain allegations within this lawsuit at trial and accordingly will not contest or oppose the following arguments made by Defendants within their Motion for Summary Judgment.
>
> . . .
>
> b.  Plaintiff does not oppose Defendants' assertion that defamation and libel claims cannot be sustained as to any Defendant.
>
> c.  Plaintiff does not oppose Defendants' assertion that intentional infliction of emotion [sic] distress claims cannot be sustained as to any Defendant.

---

[2] Plaintiff's opposition is titled "Plaintiff's Opposition to Defendants' Motion for Attorney Fees and Sanctions[,]" but includes no argument or discussion regarding Defendants' motion for sanctions. Therefore, Plaintiff has not opposed the sanctions motion.

2

1
2
    d. Plaintiff does not oppose Defendants'
    assertion that . . . Wrysinski . . . [is] entitled
    to qualified immunity.

3
4
    e. Plaintiff does not oppose Defendants' assertion that
    Wrysinski is entitled to discretionary immunity under
    Government Code Section 820.2.

(Id. at 6-7.)  An Order filed December 15, 2005, denied Defendants' motion for failure to comply with Local Rule 56-260(a).  (See Order, Dec. 15, 2005, ("December 15 Order") at 3.)

    Defense counsel, recognizing that Plaintiff had made concessions in his opposition about not being able to sustain certain claims, contacted Plaintiff's counsel about dismissing those claims. Defense counsel states in her declaration that she spoke with Plaintiff's counsel regarding the concessions and "Plaintiff's counsel [stated] that, although his state law claims and claims against [Wrysinski] would likely be dismissed, Plaintiff was not prepared to make those dismissals at that time."  (Ferrannini Decl., July 17, 2006, ¶ 6.) Subsequently, Defendants appealed the December 15 Order "on the basis of qualified immunity . . . [and] state discretionary immunity" and filed a motion in the district court to stay the action while the appeal was being decided.  (Notice of Appeal, Jan. 13, 2006, at 1-2; Mot. to Stay, Jan. 30, 2006, at 1-2.)  Defense counsel again "spoke with Plaintiff's counsel by telephone, requesting that he dismiss [Wrysinski] and state law claims.  Plaintiff's counsel responded that he was not prepared to dismiss these claims because their inclusion enhanced the possibility of settlement."  (Ferrannini Decl. ¶ 7.)  Instead, Plaintiff filed a statement of non-opposition to Defendants' motion to stay, stating "[i]f . . . Defendants were to prevail and have the Ninth Circuit rule in their favor, it would streamline the trial to a great extent . . . ."  (Statement of Non-

1  Opp'n, Feb. 10, 2006, at 2.)  Defendants' motion to stay was denied.
2  (See Order, Feb. 23, 2006.)  However, after consideration of the
3  parties' Joint Pretrial Statement ("JPS") filed February 15, 2006, the
4  district judge sua sponte modified the Status (Pretrial Scheduling)
5  Order because the factual basis for Plaintiff's claims in the JPS were
6  unclear.  Therefore, the Status (Pretrial Scheduling) Order was
7  modified and law and motion was reopened.  (See Order Amending Status
8  (Pretrial Scheduling) Order, Feb. 24, 2006, at 1.)
9       Defendants filed a second motion for summary judgment on
10 March 24, 2006.  This motion was granted on June 16, 2006, as to both
11 section 1983 claims, and Plaintiff's state law claims were dismissed
12 under 28 U.S.C. § 1367(c).
13 I.   Section 1988 Attorney Fees and Costs
14       A prevailing defendant in a civil rights action may recover
15 attorney fees and costs under section 1988 by demonstrating
16 "plaintiff's action was frivolous, unreasonable or without foundation,
17 even though not brought in subjective bad faith." Christiansburg
18 Garment Co. v. Equal Empl. Opp. Comm'n, 434 U.S. 412, 421 (1978).
19 This standard is "stringent," Hughes v. Rowe, 449 U.S. 5, 14 (1980),
20 and the Ninth Circuit has recognized that attorney fees in civil
21 rights cases "'should only be awarded to a defendant in exceptional
22 circumstances.'"  Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir.
23 1999) (quoting Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990)).
24 Such exceptional circumstances have been found when a "reasonable
25 inquiry" would have revealed that a plaintiff's claims either
26 "invok[e] causes of action that do not provide liability against the
27 defendants, . . . seek[] money damages from immune defendants, [or]
28

[have] 'no evidence' supporting them." Quantz v. Edwards, 2006 WL 1277093, *8 (W.D. Wash. May 5, 2006) (internal citations omitted).

Defendants argue entitlement to attorney fees and costs under section 1988 because "a cursory review of the law that applies to this case would have revealed that Plaintiff, at the inception of this action and continuing thereafter, could not establish a prima facie case against Defendants." (Defs.' Mot. for Attorneys' Fees at 10.) Defendants also argue "Plaintiff actually knew his claims lacked merit as early as September 2005, when he deposed [several individual Defendants], and [Plaintiff] acknowledged this fact as early as December 2005, when he filed his opposition to Defendants' motion for summary judgment." (Id.) Plaintiff's opposition did not oppose Wrysinski's asserted immunity from the section 1983 claims. (Pl.'s Opp'n Defs.' Mot. Summary J. at 6-7.)

Plaintiff's section 1983 claims were premised on his argument that he was subjected to retaliatory termination as a result of three prior lawsuits filed against Defendants. Plaintiff's prior lawsuits alleged he suffered adverse employment actions because of his complaints about the County's safety and environmental violations. It was determined on summary judgment in the case sub judice that "'[t]he [County's compliance with safety and environmental standards] was within the community's concerns, so [Plaintiff's] speech criticizing [the County's noncompliance] constituted protected speech. Because the speech at the heart of [Plaintiff's] prior lawsuit[s] was protected, [these] lawsuit[s] qualified as litigation regarding a matter of public concern.'" (Amended Order, June 16, 2006, at 4-5 (quoting Lytle v. Wondrash, 182 F.3d 1083, 1088 (9th Cir. 1999).) However, when this speech was evaluated for the purpose of determining

whether Plaintiff's interest in this speech was outweighed by the County's interest in preventing workplace disruption, the speech was found to be false and hence did not outweigh the County's interest. Specifically, preclusive effect was given to the County's Board of Supervisor's findings "that Plaintiff knew the allegations in his complaints were false and that the lawsuits were brought to avoid undesirable assignments and as protection from discipline . . . ." (Id. at 9.) In light of these findings, Plaintiff's federal claims against the County and Wrysinski were unreasonable and without foundation.

Defendants' attorney fee motion seeks fees for Plaintiff's section 1983 claims only. (See Defs.' Mot. for Att'y Fees at 7-11.) However, the summary of time and fees attached to Defendants' motion does not distinguish defense counsel's time spent on the section 1983 claims from time spent on Plaintiff's state law claims. (See Franklin Decl. Ex. F, July 17, 2006.) "It is the obligation of the party who seeks fees to document 'the appropriate hours expended and hourly rates,' and he 'should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.'" Norris v. Sysco Corp., 191 F.3d 1043, 1052 (9th Cir. 1999) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). Since Defendants' billing time records do not identify the time spent defending Plaintiff's federal claims, Defendants' motion for attorney fees is denied.

II. Rule 11 Sanctions

"[S]anctions shall be assessed [under Rule 11(b)(2)] if the paper filed in district court and signed by an attorney . . . is frivolous, legally unreasonable, or without factual foundation, even

though the paper was not filed in subjective bad faith."[1]  <u>Zaldivar v. City of Los Angeles</u>, 780 F.2d 823, 830-31 (9th Cir. 1986), <u>abrogated on other grounds by</u> <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384 (1990).  "The word 'frivolous' . . . is a shorthand . . . used to denote a filing that is both baseless and made without a reasonable and competent inquiry."  <u>Townsend v. Holman Consulting Corp.</u>, 929 F.2d 1358, 1362 (9th Cir. 1990).  Rule 11 sanctions may be imposed against a party who continues to litigate a claim he knows to be baseless, even though that claim was proper when originally filed.  <u>Byrnes v. Lockheed-Martin, Inc.</u>, 2005 WL 3555701, *9 (N.D. Cal. Dec. 28, 2005).

Since Plaintiff's two federal claims against the County and Wrysinski were unreasonable and without foundation, the issue remains whether Defendants also prevail on their sanctions motion based on their arguments that Plaintiff's state law claims were frivolous.

Defendants' argument that all of Plaintiff's state law claims were frivolous is premised on Plaintiff's opposition to their motion for summary judgment, in which Plaintiff made concessions regarding only three of his eight state law claims.  Defendants have shown that Plaintiff maintained these three admittedly meritless state law claims after filing his opposition to Defendants' motion for summary judgment.  Defense counsel spoke with Plaintiff's counsel on two separate occasions after Plaintiff filed his opposition, and during both conversations Plaintiff's counsel refused to file

---

[1] The "safe harbor" provision of Rule 11 requires the moving party to give the non-moving party twenty-one days to withdraw or correct the paper at issue.  <u>See</u> Fed. R. Civ. P. 11(c)(1)(A). Defendants complied with the safe harbor provision here by placing Plaintiff's counsel on notice on March 21, 2006, that they intended to seek Rule 11 sanctions.  (Harrington Decl. Ex. A ¶ 2, July 17, 2006.)

voluntary dismissals of the claims Plaintiff conceded lacked merit. (Ferrannini Decl. ¶¶ 6, 7.)  Further, Plaintiff showed his intention to maintain his intentional infliction of emotional distress, libel and defamation claims against Defendants by including them in the parties' JPS as issues to be tried.  (See JPS, Feb. 15, 2006, at 21, 27.)  Yet in Plaintiff's opposition to Defendants' second motion for summary judgment, Plaintiff stated "[he] does not oppose Defendants' assertion that defamation and libel. . . [and] intentional infliction of emotion [sic] distress claims cannot be sustained as to any Defendant."  (Pl.'s Opp'n Defs.' Mot. Summary J., April 10, 2006, at 4).  These statements are tantamount to concessions that Plaintiff maintained these claims against Defendants for over three months even though he knew they were frivolous.  This conduct is sanctionable under Rule 11.  See Byrnes, 2005 WL 3555701 at *9.

Since it was unreasonable for Plaintiff to bring his section 1983 claims against Defendants and to maintain his defamation, libel and intentional infliction of emotional distress claims after acknowledging these claims lacked merit, it is appropriate to impose sanctions.  See Fed. R. Civ. P. 11(c) ("If . . . the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction . . . .").

III. <u>Proper Amount of Sanctions Under Rule 11</u>

Sanctions imposed under Rule 11 shall be limited to what is sufficient to deter "repetition of such conduct or comparable conduct by others similarly situated[,]" and may include an award for "reasonable attorneys' fees and other expenses incurred as a direct result of the violation."  Fed. R. Civ. P. 11(c)(2).

Defendants request Plaintiff be sanctioned "reasonable attorneys' fees and costs [totaling $286,174.63] . . . for [Defendants'] work in defending the present matter . . . ." (Defs.' Mot. for Sanctions at 13; Harrington Decl. ¶ 4.)  The Court, however, is not required to award compensatory sanctions under Rule 11, and does not conclude they are appropriate in this case.  The nature of this case, including Plaintiff's unreasonable federal claims and concessions which were made near the end of the litigation, indicates a sanction in the amount of $2,000 is sufficient to deter repetition of this type of conduct.

Accordingly, Brett Lawrence McKague and/or McKague & Tong, LLP, and/or Geoffrey Owen Evers and/or the Law Office of Geoffrey O. Evers shall pay defense counsel sanctions in the amount of $2,000. See Fed. R. Civ. P. 11 (c)(2)(A) ("Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)."). The sanction shall be paid within sixty (60) days from the date this Order is filed.

IT IS SO ORDERED.

Dated:  October 23, 2006

GARLAND E. BURRELL, JR.
United States District Judge